UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Robert E. Blackburn, Judge**

Civil Action No. 08-cv-01547-REB-MEH

VIRGINIA STOLTZ,

    Plaintiff,

v.

TOM MACURDY,

    Defendant/Third Party Plaintiff,

v.

ESTATE OF DAVID H. PRAGER, DECEASED

    Third-Party Defendant.

## ORDER GRANTING IN PART AND DENYING IN PART
## MOTION TO DISMISS AND REQUEST FOR ATTORNEY FEES

**Blackburn, J.**

The matter before me is third-party defendant Estate of David H. Prager, Deceased's **Motion To Dismiss and Request for Attorney Fees** [#27] filed November 21, 2008. I grant the motion to dismiss for lack of personal jurisdiction, but I deny the request for attorney fees.

## I. JURISDICTION

It appears putatively that I have subject matter jurisdiction over the third-party complaint pursuant to 28 U.S.C. § 1332 (diversity of citizenship).

## II. STANDARD OF REVIEW

Third-party defendant, Estate of David H. Prager, Deceased, moves to dismiss defendant/third-part plaintiff Tom Macurdy's claims against it on the ground that the

Estate does not have sufficient minimum contacts with Colorado to warrant the exercise of personal jurisdiction over it in this forum.  The assumption of personal jurisdiction over a non-resident defendant on the basis of diversity of citizenship involves a two-step inquiry.  First, the defendant must be amenable to service of process under the forum state's long-arm statute.  *See Wenz v. Memery Crystal*, 55 F.3d 1503, 1056-07(10th Cir. 1995); *Dart International, Inc. v. Interactive Target Systems, Inc.*, 877 F.Supp. 541, 543 (D. Colo. 1995).  Second, the exercise of jurisdiction must comport with due process.  *Wenz*, 55 F.3d at 1507; *Custom Vinyl Compounding Inc. v. Bushart & Associates, Inc.*, 810 F.Supp. 285, 287 (D. Colo. 1992).  Because the Colorado long-arm statute extends personal jurisdiction within the state as far as the federal constitutional requirements of due process permit, *Keefe v. Kirschenbaum & Kirschenbaum, P.C.*, 40 P.3d 1267, 1270 (Colo. 2002), the analysis collapses into a single inquiry as to whether the requirements of due process are satisfied.

Due process for jurisdictional purposes consists of two elements. First, the defendant must have sufficient "minimum contacts" with the forum state.  *International Shoe Co. v. State of Washington, Office of Unemployment Compensation & Placement*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945);  *Kuenzle v. HTM Sport-Und Freizeitgeräte AG*, 102 F.3d 453, 455 (10th Cir. 1996).  "Minimum contacts" may be analyzed in terms of specific jurisdiction or general jurisdiction. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414, 104 S.Ct. 1868, 1872, 80 L.Ed.2d 404 (1984); *Trierweiler v. Croxton & Trench Holding Corp.*, 90 F.3d 1523, 1532 (10th Cir. 1996).  Specific jurisdiction exists when the defendant's

contacts with the forum state arise from, or are directly related to, the plaintiff's cause of action. ***Burger King Corp. v. Rudzewicz***, 471 U.S. 462, 472, 105 S.Ct. 2174, 2182, 85 L.Ed.2d 528 (1985); ***Kuenzle***, 102 F.3d at 455. General jurisdiction is proper when the defendant has other "continuous and systematic" contacts with the forum, even if those contacts are unrelated to the pending litigation. ***Helicopteros Nacionales de Columbia***, 104 S.Ct. at 1872; ***Trierweiler***, 90 F.3d at 1533.

Second, if sufficient minimum contacts exist, I then must determine whether the exercise of personal jurisdiction over the non-resident defendant "would comport with 'fair play and substantial justice.'" ***Burger King Corp.***, 105 S.Ct. at 2184. Stated differently, I must determine whether assuming personal jurisdiction over the defendant is "'reasonable' in light of the circumstances surrounding the case." ***OMI Holdings, Inc. v. Royal Insurance Co. of Canada***, 149 F.3d 1086, 1091 (10th Cir. 1998). Factors relevant to that analysis include,

> (1) the burden on the defendant, (2) the forum state's interest in resolving the dispute, (3) the plaintiff's interest in receiving convenient and effective relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interest of the several states in furthering fundamental social policies.

***Trujillo v. Williams***, 465 F.3d 1210, 1221 (10th Cir. 2006) (quoting ***Pro Axess, Inc. v. Orlux Distribution, Inc.***, 428 F.3d 1270, 1279-80 (10th Cir. 2005)). "[T]he weaker the plaintiff's showing on minimum contacts, the less a defendant need show in terms of unreasonableness to defeat jurisdiction." ***Id.*** (quoting ***Pro Axess***, 428 F.3d at 1280) (internal quotation marks omitted).

I have discretion to resolve the motion on affidavits and other written material.

3

***Behagen v. Amateur Basketball Association***, 744 F.2d 731, 733 (10th Cir. 1984), ***cert. denied***, 105 S.Ct. 1879 (1985). Macurdy, as third-party plaintiff, has the burden to establish a *prima facie* case of personal jurisdiction. ***Id***. I must accept the well-pleaded allegations of the third-party complaint as true. ***Wenz***, 55 F.3d at 1505; ***Behagen***, 744 F.2d at 733. However, Macurdy has "the duty to support jurisdictional allegations . . . by competent proof of the supporting facts if the jurisdictional allegations are challenged by an appropriate pleading." ***Pytlik v. Professional Resources, Ltd.***, 887 F.2d 1371, 1376 (10th Cir. 1989).

### III. ANALYSIS

From May, 2004, through approximately February, 2006, plaintiff Virginia Stoltz served as a personal caretaker for her friend, David Prager. Defendant/third-party plaintiff Tom Macurdy, also a long-time friend and a former attorney for Prager, assisted Stoltz in arranging for Prager's care. From August to December, 2004, Macurdy stayed in Pennsylvania, where both Stoltz and Prager resided, while these arrangements were being made. As compensation for her services, Prager expressly promised Stoltz that in return for her services as his caretaker, he would, *inter alia*, make Stoltz the beneficiary of an account he held with Merrill Lynch valued at approximately $140,000, and completed the documentation necessary to effectuate this change.

Following a bout of pneumonia In January, 2006, Prager was required to enter a nursing home. Macurdy against traveled to Pennsylvania from his home in Colorado to effectuate these arrangements. On February 6, 2006, Prager executed a will, as to which Macurdy was a witness, in which he named Stoltz as residuary beneficiary and

4

Macurdy as executor.

Around this same time, Prager's estranged sister reentered his life, and Stoltz became concerned that she might attempt to convince Prager to change his will. Stoltz informed Macurdy that she was considering hiring an attorney and filing a lawsuit to protect her rights. Macurdy convinced Stoltz that there was no need for her to seek separate legal counsel in the matter and promised her that he would ensure that her contractual rights were protected. When Stoltz continued to press the issue, Macurdy drafted a non-negotiable note, payable to Stoltz, for the amounts due her under her contract with Prager.

After Prager died in April, 2006, it came to light that he had, in fact, altered his will just six days before his death to name his sister and her children as the beneficiaries of his Merrill Lynch accounts. Stoltz filed suit against Prager's estate in Pennsylvania. The Pennsylvania court denied Stoltz's contractual claims and concluded that Macurdy had been without authority to issue the promissory note. She recovered approximately $48,000 on in *quantum meruit*.

In this lawsuit, Stoltz seeks to recoup from Macurdy the difference between the amount awarded her by the Pennsylvania court and the $140,000 Prager agreed to pay for her services that Macurdy guaranteed. She has asserted claims contractual and quasi-contractual claims, as well as a claim for negligent misrepresentation. Macurdy filed a third-party complaint against the Estate, alleging essentially a claim for indemnification. The Estate has now moved to dismiss for lack of personal jurisdiction over it in this forum.

It is clear beyond peradventure that there is no personal jurisdiction over Prager

or his Estate in Colorado. Macurdy traveled to Pennsylvania to help effectuate a contract between Stoltz and Prager, both Pennsylvania residents, for services to be performed wholly within Pennsylvania. Nothing about that contract had any connection to this forum whatsoever. Prager subsequently died in Pennsylvania, and his will was probated there. The lawsuit and resulting judgment that only partially fulfilled Stoltz's expected recovery from Prager also took place entirely within Pennsylvania.[1]

Macurdy claims that because he was acting at all times as Prager's agent, his contacts with this forum are imputable to Prager.[2] As a statement of law, it is generally true that the contacts of a duly authorized agent with the forum may be imputed to its principal under certain circumstances. **See, e.g.**, **Madanes v. Madanes**, 981 F.Supp. 241, 261 (S.D.N.Y. 1997) (citing cases). Yet even assuming *arguendo* that Macurdy was, in fact, acting as Prager's agent, a contention that appears to run directly contrary to the findings of the Pennsylvania court, all Macurdy's relevant actions in that role were focused on and directed toward Pennsylvania, as outlined above.[3]

---

[1] As for the promissory note Macurdy gave Stoltz, that obligation was essentially a guarantee of Prager's performance of his contractual obligations. As such, the jurisdictional inquiry must relate back to the original contract that is the subject of the guarantee. **See Panos Investment Co. v. District Court In and For Larimer County**, 662 P.2d 180, 182-83 (Colo. 1983) ("It is not unreasonable to subject a guarantor to the jurisdiction of courts in the very state where an obligation is specifically payable when the makers fail to perform their obligations and the guarantee becomes operable.").

[2] Although Macurdy is an attorney, because he is representing himself *pro se* in this matter, and in an abundance of caution, I have construed his pleadings more liberally and held them to a less stringent standard than formal pleadings drafted by lawyers. **See Erickson v. Pardus**, 551 U.S. 89, ___, 127 S. Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); **Andrews v. Heaton**, 483 F.3d 1070, 1076 (10th Cir. 2007); **Hall v. Belmon**, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing **Haines v. Kerner**, 404 U.S. 519, 520-21, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972)).

[3] I do not accept Macurdy's suggestion that is continuing and systematic contacts with Colorado are imputable to Prager under the theory of general personal jurisdiction. There is no indication that Macurdy acted at Prager's agent for any purpose other than the specific arrangements that underlie this lawsuit.

Indeed, the only way in which Colorado is connected to the events underlying in this suit is insofar as Macurdy was physically located in this state at the time he made the promise to Stoltz guaranteeing Prager's performance. That circumstance, however, is wholly fortuitous and, thus, clearly insufficient to create personal jurisdiction over the estate in this forum. *See Far West Capital, Inc. v. Towne*, 46 F.3d 1071, 1080 (10th Cir. 1995); *see also Benally v. Amon Carter Museum of Western Art*, 858 F.2d 618, 625 (10th Cir. 1988) (noting that requirement that non-resident defendant purposefully availed itself of benefits and protections of the forum's laws "ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts," or of the "unilateral activity of another party or a third person") (quoting *Burger King Corp.,* 105 S.Ct. at 2183 (internal citations and quotation marks omitted)). For these reasons, I find and conclude that I lack personal jurisdiction over the Estate. Its motion to dismiss on that basis must be granted.[4]

The Estate also has requested attorney fees pursuant to §13-17-102(2), C.R.S. That statute permits the award of "reasonable attorney fees against any attorney or party who has brought or defended a civil action, either in whole or in part, that the court determines lacked substantial justification." §13-17-102(2), C.R.S.; *see also* §13-17-102(4), C.R.S. (defining "lacked substantial justification" as "substantially frivolous, substantially groundless, or substantially vexatious"). Factors to be considered in determining whether substantial justification is lacking are set forth in

---

[4] Because I find that Macurdy has not established that the Estate had minimum contacts with this forum, I need not consider whether the exercise of personal jurisdiction would "offend traditional notions of fair play and substantial justice." *See Asahi Metal Industry Co. v. Superior Court of California, Solano County*, 480 U.S. 102, 114, 107 S.Ct. 1026, 1033, 94 L.Ed.2d 92 (1987); *Benally*, 858 F.2d at 626.

7

§13-17-103(1)(a) - (h), C.R.S.

The Estate has failed to present either evidence or argument to support its bare assertion that Macurdy knew or should have known that the filing of the third-party complaint lacked substantial justification. Its bare *ipse dixit* is insufficient to allow me to analyze the factors that I must in determining whether such an award is justified. **See Harper v. Colorado State Board of Land Commissioners**, 2007 WL 2430122 at * (10th Cir. Aug. 29, 2007) (noting that "district courts must give an adequate explanation for their decision regarding requests for attorney's fees, otherwise we have no record on which to base our decision") (quoting **Browder v. City of Moab**, 427 F.3d 717, 721 (10th Cir. 2005)) (internal quotation marks omitted). Having duly raised and joined the issue in the present motion, the Estate cannot escape its obligation to support such a claim by competent evidence by its suggestion that it needs further time to compile evidence relevant to the determination of the matter.[5] Accordingly, its request for attorney fees will be denied.

**THEREFORE, IT IS ORDERED** as follows:

1. That third-party defendant the Estate of David H. Prager, Deceased's **Motion To Dismiss and Request for Attorney Fees** [#27] filed November 21, 2008, is **GRANTED IN PART** and **DENIED IN PART**:

    a. That the motion is **GRANTED** insofar as it seeks to dismiss the third-party claims of defendant/third-party plaintiff Tom Macurdy against third-party defendant Estate of David H. Prager, Deceased, for lack of personal jurisdiction; and

---

[5] I note further that in the more than three months since the original motion was filed, the Estate has never moved to supplement in this regard.

     b. That the motion is **DENIED** otherwise;

  2. That the claims asserted in the **Complaint Against Third Party Defendant** [#15] filed September 3, 2008, are **DISMISSED WITHOUT PREJUDICE** for lack of personal jurisdiction in this forum over the third-party defendant; and

  3. That Estate of David H. Prager, Deceased, is **DROPPED** as a party to this action, and the case caption **AMENDED** accordingly.

Dated March 6, 2009, at Denver, Colorado.

                                             **BY THE COURT:**

*/s/ Robert E. Blackburn*
Robert E. Blackburn
United States District Judge