## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
### Robert E. Blackburn, Judge

Civil Action No. 08-cv-01547-REB-MEH

VIRGINIA STOLTZ,

      Plaintiff,

v.

TOM MACURDY,

      Defendant/Third Party Plaintiff,

---

## ORDER GRANTING MOTION FOR CHANGE OF VENUE

---

**Blackburn, J.**

The matter before me is defendant's **Motion for Change of Venue Under F.R.C.P. 28 Section 1404** (sic) [#45] filed March 26, 2009.  I grant the motion.

### I.  JURISDICTION

It appears that putatively I have subject matter jurisdiction over the third-party complaint pursuant to 28 U.S.C. § 1332 (diversity of citizenship).

### II.  STANDARD OF REVIEW

Section 1404(a) contemplates that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  The district court is vested with considerable discretion in determining whether transfer is appropriate.  ***Chrysler Credit Corp. v. Country Chrysler, Inc.***, 928 F.2d 1509, 1515 (10th Cir. 1991).  Factors that bear on the analysis include:

> the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of

> compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Id*. at 1516 (quoting *Texas Gulf Sulphur Co. v. Ritter*, 371 F.2d 145, 147 (10th Cir. 1967)).  The movant bears the burden of establishing that the existing forum is inconvenient.  *Id*. at 1515.  This is a heavy burden, *Texas Gulf Sulphur Co.*, 371 F.2d at 148, "'and unless the balance is strongly in favor of the movant the plaintiff's choice of forum should rarely be disturbed,'" *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992); *see also Cargill Inc. v. Prudential Insurance Co. of America*, 920 F.Supp. 144, 146 (D. Colo. 1996).

### III.  ANALYSIS

The facts of this case are recited and discussed at length in my **Order Granting In Part and Denying In Part Motion To Dismiss and Request for Attorney Fees** [#42] entered March 6, 2009, and need not be repeated in detail here.  Plaintiff has sued defendant as the guarantor of certain alleged promises made to her by David Prager prior to Prager's death in 2006.  I dismissed defendant's putative third-party claim for indemnification against Prager's estate for lack of personal jurisdiction.  Defendant now moves to transfer this case to the Western District of Pennsylvania so that the estate can be made a party to the litigation.[1]  Plaintiff, a Pennsylvania resident,[2]

---

[1] Although defendant is an attorney, because he is representing himself *pro se* in this matter, and in an abundance of caution, I have construed his pleadings more liberally and held them to a less stringent

has not filed a response to the motion to transfer venue.

Section 1404(a) gives the court discretion to transfer a case "to any other district or division where it might have been brought." The proposed transferee district, thus, must be one in which the district court would have had original federal jurisdiction over the action. *See Continental Grain Co. v. The FBL-585*, 364 U.S. 19, 21-22, 80 S.Ct. 1470, 1472, 4 L.Ed.2d 1540 (1960); *Wedelstedt v. Law Offices of Goldstein, Goldstein and Hilley*, 2006 WL 241136 at *4-5 (D. Colo. Jan. 31, 2006). That determination in turn is governed by the federal venue statute, which provides:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a).

Based on the allegations of the complaint, I find and conclude that Pennsylvania constitutes a judicial district in which suit originally could have been brought pursuant to section 1391(a)(2). As elucidated in detail in my prior Order, the events that underlie

---

standard than formal pleadings drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, – , 127 S. Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007); *Hall v. Belmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972)).

[2] Plaintiff is a resident of Lower Burrell, Pennsylvania (*see* **Complaint** ¶ 1 at 1 [#1], filed July 23, 2008), located in Westmoreland County, approximately 18 miles outside of Pittsburgh. *See* http://en.wikipedia.org/wiki/Lower_Burrell,_Pennsylvania (last accessed on April 24, 2009).

this lawsuit occurred almost wholly in Pennsylvania.  All defendant's relevant conduct occurred in or was directed toward Pennsylvania.  Plaintiff is a Pennsylvania resident, as was Prager, and the contract between them was executed and performed in Pennsylvania.  Prager's will was probated in Pennsylvania.  Moreover, plaintiff's previous lawsuit against Prager's estate, which gave rise to this action, was prosecuted and decided in a Pennsylvania court.  There can be little doubt under these circumstances that most of the key witnesses and documents in this suit will be located in Pennsylvania.  Indeed, it appears that plaintiff brought this lawsuit in Colorado only because defendant is a resident of this forum.

Of course, "[section] 1404(a) does not allow a court to transfer a suit to a district which lacks personal jurisdiction over the defendants, even if they consent to suit there." *Chrysler Credit Corp.*, 928 F.2d at 1515.  Yet because I find that a Pennsylvania court would have personal jurisdiction over defendant in any event, defendant's express request to transfer venue to Pennsylvania constitutes an implicit consent to the exercise of personal jurisdiction over him by the Pennsylvania court.  *See Northwestern National Insurance Co. v. Frumin*, 739 F.Supp. 1307, 1310 (E.D. Wis. 1990) ("[W]hen a party consents to venue in a particular court, it implicitly consents to the exercise of personal jurisdiction by that court. . . . [T]he consent to venue would be meaningless unless it encompassed a consent to personal jurisdiction.").  Moreover, not only is "the usual deference to plaintiffs' forum choice [] diminished where plaintiffs do not reside in the chosen forum," *Four Corners Nephrology Associates, P.C. v. Mercy Medical Center of Durango*, 464 F.Supp.2d 1095, 1098 (D. Colo. 2006), but plaintiff's failure to

4

file a response to the motion to transfer suggests a lack of substantive objection to such a transfer.

**THEREFORE, IT IS ORDERED** as follows:

1.  That defendant's **Motion for Change of Venue Under F.R.C.P. 28 Section 1404** (sic) [#45] filed March 26, 2009, is **GRANTED**; and

2.  That this case is **TRANSFERRED** to the United States District Court for the Western District of Pennsylvania (3110 United States Courthouse, 7th and Grant Street, Pittsburgh, PA 15219).

Dated April 27, 2009, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge